IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DAVID W. ROUSH and
MELISSA ROUSH,

        **Plaintiffs,**

v.                                          Case No.: 3:18-cv-01184

SCHNEIDER NATIONAL CARRIERS, INC.
And ANDREW CHIONG,

        **Defendants.**

## MEMORANDUM OPINION AND ORDER
## SEALING EXHIBITS

Pending before the Court is Plaintiff's Motion to Seal Response to Motion to Quash Subpoena Duces Tecum Issued to Sleep Management Institute. (ECF No. 39). The parties appeared, by counsel, on the first day of November 2019 for a hearing on several motions, including the Motion to Seal. After hearing from the parties, the Court **GRANTS** the motion in part, **DENIES** it in part, and **ORDERS** the Clerk to seal the following attachments to the Motion to Seal: ECF No. 39-4 and ECF No. 39-7. The Motion to Seal, the Response, and the remaining exhibits, (ECF No. 39, 39-1, 39-2, 39-3, 39-5, 39-6, and 39-8 shall be unsealed.

The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. *Ashcraft v. Conoco, Inc.,* 218 F.3d 288 (4th Cir. 2000). As stated in *Ashcraft,* before sealing a document, the Court must follow a three-step process: (1) provide public notice of the request to seal; (2) consider less drastic alternatives to sealing the document; and (3)

provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id.* at 302. In this case, the exhibits, which are to be sealed, shall be designated as sealed on the Court's docket. The Court deems this sufficient notice to interested members of the public. The Court has considered less drastic alternatives to sealing the two exhibits; however, the exhibits contain protected health information and proprietary business information, which are entitled to confidentiality at this stage of the litigation. The Court has declined to order wholesale sealing of the motion, response, and other exhibits, because those documents can be segregated from the records deemed confidential. Accordingly, the Court finds that sealing only the two designated exhibits does not unduly prejudice the public's right to access court documents.

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED**: November 1, 2019

_____
Cheryl A. Eifert
United States Magistrate Judge