IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DAVID W. ROUSH and
MELISSA ROUSH,

          Plaintiffs,

v.                          CIVIL ACTION NO.  3:18-1184

SCHNEIDER NATIONAL CARRIERS, INC. and
ANDREW CHIONG,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants Schneider National Carriers, Inc. and Andrew Chiong's Motion for Partial Summary Judgment (ECF No. 75). Plaintiffs David and Melissa Roush filed a response (ECF No. 78), to which Defendants replied (ECF No. 80). For the reasons set forth below, the Court **GRANTS** the motion and dismisses with prejudice causes of action two and eight, as well as Plaintiffs' request for punitive damages.

**I. BACKGROUND**

On May 1, 2017, Plaintiff David Roush and Defendant Andrew Chiong were involved in a vehicle collision. *See Compl.,* ECF No. 1; *Answer*, ECF No. 5. At the time of the collision, Chiong was an employee of Schneider National Carriers, Inc. ("SNC") acting within the course and scope of his employment as a tractor-trailer driver at the time of the collision. *Answer* 1. Plaintiffs filed this suit against Chiong and SNC in July of 2018 and asserted eight causes of action. *Compl*. ¶¶ 18–62. On July 20, 2020, Defendants filed the immediate motion and requested partial summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is only appropriate where a moving party demonstrates that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). These limitations mean that the Court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Yet while the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. Summary judgment is warranted when the nonmoving party has the burden of proof on an essential element of his or her case and does not make a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

## III. ANALYSIS

Defendants move to dismiss cause of action two, negligent training, supervision, and retention, and cause of action eight, negligent infliction of emotional distress. *Compl.* ¶¶ 24–34, 55–62. Under the second cause of action, Plaintiffs claim that SNC is liable for negligent training, supervision, and retention of Chiong. *Id.* at ¶¶ 24–34. In *McCormick v. W. Va. Dep't of Pub. Safety*, the West Virginia Supreme Court of Appeals explained that a claim of negligent hiring or retention

involves the following inquiry:

> When the employee was hired or retained, did the employer conduct a reasonable investigation into the employee's background vis a vis the job for which the employee was hired and the possible risk of harm or injury to co-workers or third parties that could result from the conduct of an unfit employee? Should the employer have reasonably foreseen the risk caused by hiring or retaining an unfit person?

202 W.Va. 189, 503 S.E.2d 502, 506 (1998) (per curiam). The *McCormick* Court further explained that the inquiry depends upon "the nature of the employee's job assignment, duties, and responsibilities." *Id*. at 507. "The duty with respect to hiring and retention increases 'as the risks to third persons associated with a particular job increase.'" *Woods v. Town of Danville*, 712 F.Supp.2d 502, 514 (S.D. W. Va. 2010) (quoting *id*.).

Similar to negligent hiring, claims of negligent training and supervision are governed by general negligence principles under West Virginia law. *See, e.g., Taylor v. Cabell Huntington Hosp., Inc.*, 538 S.E.2d 719, 725 (W. Va. 2000) (treating negligent supervision like other claims based in negligence). To establish a negligent supervision claim, a plaintiff must show "that the employer failed to properly supervise its employees and, as a result, those employees proximately caused injury to another." *Biser v. Mfrs. and Traders Trust Co.*, 211 F. Supp. 3d 845, 856 (S.D. W. Va. 2016) (citing *Ferrell v. Santander Consumer USA, Inc.*, 859 F.Supp.2d 812, 817–18 (S.D. W. Va. 2012)). As with general negligence, "the analysis centers on whether the employer was on notice of the employee's propensity (creating a duty), yet unreasonably failed to take action (manifesting a breach), resulting in harm to a third-party from the employee's tortious conduct." *Radford v. Hammons*, No. 2:14–24854, 2015 WL 738062, at *7 (S.D. W. Va. Feb. 20, 2015) (citation omitted).

Defendants argue that summary judgment is warranted because the evidence shows that

SNC exercised due care in hiring, training, and supervising Chiong. Defs.'s Mem. Supp. Summ. J. 2–7, ECF No. 74. First, Chiong completed an application and went through SNC's prescreening process. Chiong Dep. 22:9–15, ECF 73-1; DiSalvi Aff. 3–4, ECF No. 73-5. After SNC hired Chiong, SNC arranged for Chiong to attend the Truck Driving Academy at Southern State Community College ("SSCC") to obtain his commercial driver's license. Chiong Dep. 3–4. SNC also provided additional classroom training at SSCC on the federal regulations and behind-the-wheel training through SSCC. *Id*. After completing this training, Chiong took and passed the CDL driving test and received his CDL. *Id*.

In addition to receiving training at SSCC, SNC provided additional classroom and behind-the-wheel training internally. *Id*. at 27:2–9; DiSalvi Aff. 59–65. After Chiong completed this training with SNC, SNC required Chiong to take a road test on February 6, 2015, which he passed. DiSalvi Aff. 21–22. Chiong received specific training to adjust his speed for weather conditions. Chiong Depo. 190:1–4.

In addition to funding and administering his training, SNC verified Chiong's CDL, certification from SSCC's Truck Driving Academy, and Chiong's motor vehicle report ("MVR"). *Id*. at 14. Chiong's MVR contained only one moving violation, which was a speeding citation in 2012. *Id*. On February 3, 2015, Chiong completed the violation and review record, and SNC reviewed that record on February 6, 2015. *Id*. at 18.

Once Chiong assumed his responsibilities as an SNC tractor-trailer driver, SNC provided supervision. SNC recorded all incidents related to Chiong's driving and reviewed these incidents with him. DiSalvi Aff. 48–53. Throughout his employment, Chiong had access to and continued to participate in SNC's training program. *Id*. at 118–38.

Plaintiffs do not dispute the merits of Defendants' argument. Rather, Plaintiffs "agree to

voluntarily dismiss Count 2, Count 8, and the Punitive damages claim in the Complaint." Pls.'s Resp. to Defs.'s Mot. Summ. J. 3. Under Federal Rule of Civil Procedure 41(a), a plaintiff may only voluntarily dismiss a claim without the consent of the defendant or the court if he or she files a notice of dismissal before the defendant has served an answer or a summary judgment motion. Fed. R. Civ. P. 41(a)(1)(A)(i). Given that Plaintiffs' apparent attempt to voluntarily dismiss is in response to Defendants' Motion for Partial Summary Judgment, it is untimely and improper. Nevertheless, the Court considers Plaintiff's response as non-opposition to Defendants' motion because Plaintiffs did not identify any disputes of material fact. Accordingly, in light of the Defendants' evidence, the Court grants summary judgment as to the second cause of action.

Under the eighth cause of action, Plaintiffs claim that SNC and Chiong are liable for negligent infliction of emotional distress. *Compl.* ¶¶ 55–62. The basis for this claim, as stated in the Complaint, is Plaintiff Melissa Roush's observation of the collision that injured her husband. *Id*. To succeed on a claim for negligent infliction of emotional distress under West Virginia law, a plaintiff must establish four elements: (1) "that a close marital or familial relationship exist[s] between the plaintiff and the victim"; (2) "that a plaintiff ... is present at the scene of the injury-producing event at the time it occurs and is aware that it is causing injury to the victim"; (3) "that the emotional trauma alleged by a plaintiff must be the direct result of either the critical injury to or death of a person closely related to the plaintiff"; and (4) that the emotional distress "reasonably could have been expected to befall the ordinarily reasonable person[.]" *Heldreth v. Marrs*, 425 S.E.2d 157, 163–68 (W. Va. 1992).

Defendants argue that summary judgment is warranted because there is no evidence to support the second element. Defs.'s Mem. Supp. Summ. J. 19–20. To the contrary, the Defense provides evidence that Melissa was at work and not at the scene of the collision. *See* M. Roush

Dep., ECF No. 73-3. As noted above, this claim is not opposed by Plaintiffs. Therefore, the Court finds that summary judgment is appropriate for cause of action eight.

Finally, Defendants move for summary judgment as to Plaintiffs' request for punitive damages. Defs.'s Mem. Supp. Summ. J. 8–9. When reviewing the appropriateness of a punitive damages claim under West Virginia law, a court must first make "a determination of whether the conduct of an actor toward another person entitles that person to a punitive damage award." Syl. pt. 11, *Cmty. Antenna Serv. V. Charter Commc'ns VI, LLC*, 712 S.E.2d 504, 509 (W. Va. 2011) (citing *Mayer v. Frobe*, 22 S.E. 58 (W. Va. 1895)). Punitive damages may be assessed where a tortfeasor acts with "malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear." Syl. pt. 4, *Mayer v. Frobe*, 22 S.E. 58, (W. Va. 1895); *see also GMAC v. D.C. Wrecker Serv.*, 647 S.E.2d 861, 867 (W. Va. 2007).

Defendants argue that there is no evidence supporting Plaintiffs' claim for punitive damages, and Plaintiffs have not presented any evidence to the contrary. Defs.'s Mem. Supp. Summ. J. 8–9; Pls.'s Resp. to Defs.'s Mot. Summ. J. 3. The Court dismisses Plaintiff's claim for punitive damages.

### IV. CONCLUSION

For the foregoing reasons Defendants' Motion for Partial Summary Judgment (ECF No. 75) is **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order and Notice to counsel of record and any unrepresented parties.

        ENTER:       August 25, 2020

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE